No. 05-531

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 272

GEORGE H. HARDIN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 2005-41,
                Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Edmund F. Sheehy, Cannon and Sheehy, Helena, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; John A. Paulson,
        Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, County Attorney; Kirsten LaCroix,
        Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  August 8, 2006

Decided:  October 24, 2006

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     George A. Hardin appeals from the Fourth Judicial District Court's denial of his petition for postconviction relief.  We affirm.

¶2     The issue on appeal is whether the District Court erred in denying Hardin's petition for postconviction relief.

## BACKGROUND

¶3     On May 13, 2003, Hardin was charged by information with one count of felony sexual intercourse without consent and one count of misdemeanor partner or family member assault arising out of alleged incidents in February 2003.  The information was amended to dismiss the misdemeanor charge.  Hardin initially pled not guilty to the charge of sexual intercourse without consent and trial was set for November 12, 2003.

¶4     Hardin was represented by Margaret Borg, an attorney appointed to represent him from the Missoula County Public Defender's Office.  Borg had replaced another Missoula County public defender with whom Hardin had expressed dissatisfaction.  On the morning of the scheduled trial, Borg filed a motion to continue the trial, stating that Hardin wanted more time to consider whether to go to trial or whether to accept an offered plea bargain.  The District Court initially denied the motion and instead allowed Borg and Hardin to confer before the start of trial.

¶5     When the court reconvened, Borg asked the court to consider complaints that Hardin had raised about her representation of him.  Hardin told the court that he felt he and Borg had not spent enough time together preparing for trial as they had just met two

2

days before trial. In response to the court's questioning, Hardin stated he had told Borg all the important aspects of his case. However, Hardin asked for different representation based on his belief that Borg had not investigated the case and had not interviewed witnesses he wanted to have testify on his behalf. Borg explained that she contacted and interviewed some witnesses, and she chose not to interview some witnesses because she knew she could not use them at trial. Borg reassured Hardin and the court that she would be willing to go over the defendant's case with him again and explain her decisions. The court denied Hardin's request to have Borg removed from his case.

¶6 Just as the jury was about to be brought in for the start of trial, Hardin, through counsel, again requested that the trial be continued, but this time waived his right to a jury trial and asked for a bench trial. The court granted this motion after discussing Hardin's right to a jury trial with him, and the bench trial was scheduled for later that month.

¶7 A few days after the cancelled trial, Hardin agreed to enter into a plea bargain wherein he would plead guilty and the State would recommend a forty-year prison sentence with twenty-five years suspended, to run concurrent with a sentence he was presently serving. Hardin signed a plea agreement as well as a plea of guilty and waiver of rights. In signing the plea agreement, Hardin acknowledged the following:

> I the undersigned Defendant, after full discussion of the charge(s) and penalties with my defense counsel, and after being fully advised of my rights to a jury trial, my understanding of my right to persist in my plea of not guilty and to demand a jury trial, do hereby accept the above offer and agree to enter plea(s) of guilty to the charge(s)

specified. I hereby knowingly waive all objection to any substantive defect in said charge(s) and my right to a jury trial on the charge(s).

In executing the plea of guilty and waiver of rights, Hardin further acknowledged he understood his right to be tried by a jury and to confront and cross-examine witnesses against him, and if a plea of guilty was accepted by the court, there would be no further trial of any kind. By signing this document, Hardin also acknowledged he was satisfied with his attorney.

¶8 Hardin appeared in court to change his plea. At the hearing, Borg told the court the parties had executed a plea agreement and that Hardin contemplated entering a nolo contendere plea to the charge. After reading the charge under the amended information and informing Hardin of the possible punishment and that his rights were the same as he had under the original information, the court asked whether he pled guilty, not guilty, or nolo contendere. Hardin pled nolo contendere. The court found, based on the affidavit for leave to file the information, that there was a factual basis for the charge, and then confirmed that Hardin believed the plea was in his best interest. Based on the nolo contendere plea, the court found Hardin guilty of sexual intercourse without consent. On January 6, 2004, Hardin was sentenced according to the terms of the plea agreement and the presentence investigation report.

¶9 On January 7, 2005, Hardin filed a petition for postconviction relief. Hardin alleged the court lacked jurisdiction to accept a nolo contendere plea to a sexual offense. He further alleged that he was denied effective assistance of counsel due to Borg's failure to meet with him earlier and interview the witnesses he wished to have testify on his

4

behalf. He also alleged he was sentenced without a psychosexual evaluation, was not given a copy of his presentence report, and that his waiver of jury trial was not put in writing, all constituting error. The State responded, arguing that Hardin waived his right to raise the issues in postconviction relief and instead should have directly appealed to the Supreme Court. The District Court denied Hardin's petition, and Hardin appeals.

¶10 Hardin alleges in his appeal that the court erred in denying him postconviction relief for the following reasons: (1) the District Court did not have authority to accept a nolo contendere plea to sexual intercourse without consent, and thus it had no authority to sentence him; (2) he was denied effective assistance of counsel when his attorney allowed him to plead nolo contendere to a sexual offense; and (3) he was denied effective assistance of counsel when his attorney failed to investigate his case prior to his plea.

## STANDARD OF REVIEW

¶11 The standard of review of a trial court's denial of a petition for postconviction relief is whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hope v. State*, 2003 MT 191, ¶ 13, 316 Mont. 497, ¶ 13, 74 P.3d 1039, ¶ 13. A claim of ineffective assistance of counsel is reviewed *de novo*. *Hope*, ¶ 13.

## DISCUSSION

¶12 Whether the District Court erred in denying Hardin's petition for postconviction relief can best be determined by separately addressing each of the issues he raises in the appeal.

5

¶13 ISSUE 1: Did the District Court err in denying postconviction relief on Hardin's claim that the court had no authority to accept a nolo contendere plea to a sexual offense?

¶14 Hardin contends that the District Court should not have accepted his plea of nolo contendere to sexual intercourse without consent pursuant to § 46-12-204(4), MCA. That statute states that the "court may not accept a plea of nolo contendere in a case involving a sexual offense, as defined in [§] 46-23-502, [MCA]" which includes sexual intercourse without consent. Hardin argues that the court lacked authority to accept his nolo contendere plea, and as a result, the court also lacked authority to sentence him for the offense. Hardin posits this argument in terms of jurisdiction, which has been defined by this Court as the power or capacity of a court to "entertain the subject matter of the proceeding and render a determination therein." *Peña v. State*, 2004 MT 293, ¶ 22, 323 Mont. 347, ¶ 22, 100 P.3d 154, ¶ 22. Hardin claims that the court lacked jurisdiction to accept a nolo contendere plea and render a sentence based on that plea.

¶15 In *Peña*, ¶ 22, this Court stated:

> Whether a district court commits a statutory error in imposing a sentence must not be confused with the question of whether the court had the "power" or "capacity" to impose the sentence in the first instance. An error in sentencing does not divest a district court of subject matter jurisdiction over the case before it.

A district court has jurisdiction pursuant to Article VII, Section 4, of the Montana Constitution, in all criminal cases amounting to a felony. *Peña*, ¶ 23. Like the defendant in *Peña*, Hardin is confusing statutory error with the power or capacity of the court to accept a plea or impose a sentence. Hardin's assertion that the District Court lacked

6

jurisdiction to accept the plea and impose the sentence he received is "more accurately characterized as a claim that his sentence was illegal as exceeding statutory authority." *Peña*, ¶ 24.

¶16 A challenge to the legality of a sentence can be raised on direct appeal. *Peña*, ¶¶ 36-37. Section 46-21-105(2), MCA, provides that, "[w]hen a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter." Because Hardin did not challenge the legality of his sentence on direct appeal, this claim is procedurally barred by § 46-21-105(2), MCA. Therefore, the District Court did not err in denying postconviction relief on this issue.

¶17 ISSUE 2: Did the District Court err in denying postconviction relief for Hardin's claim that he was denied effective assistance of counsel when his attorney allowed him to plead nolo contendere to a sexual offense?

¶18 Hardin argues that by allowing him to plead nolo contendere to a sexual offense, contrary to § 46-12-204(4), MCA, his attorney was ineffective. To prove an ineffective assistance of counsel claim, the defendant must meet both prongs of the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under the *Strickland* test, the defendant must show his counsel's performance was deficient and the deficient performance prejudiced him. *Hans v. State*, 283 Mont. 379, 391-93, 942 P.2d 674, 681-82 (1997). In ineffective assistance of counsel claims arising

7

out of a challenge to a guilty plea, the defendant must establish prejudice by showing "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hans,* 283 Mont. at 392-93, 942 P.2d at 682 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)). We evaluate the prejudice prong in ineffective assistance of counsel claims based upon a challenge to an alleged illegal nolo contendere plea under the same standard set forth in *Hans*.

¶19    In this case, Hardin entered a nolo contendere plea rather than a guilty plea, and the court accepted that plea. He contends that his counsel was ineffective in allowing him to enter a nolo contendere plea, contrary to law. It must be noted that the fact that a sentence may be illegal does not necessarily mean that there is merit to a claim of ineffective assistance of counsel. If, for example, an offense carries a mandatory minimum of five years and counsel negotiates a plea for three years, which is accepted by the court, the sentence may be subject to direct challenge as being illegal. However, since the error does not prejudice the defendant but inures to his benefit, it cannot be said that counsel was ineffective in obtaining a more lenient (albeit illegal) sentence.

¶20    We conclude that Hardin cannot satisfy the prejudice prong of the *Strickland* test. His counsel negotiated a plea agreement whereby Hardin received the benefit of nolo contendere plea; a plea that by statute is specifically not available to someone who, like Hardin, is charged with a sex offense. The court, in accepting Hardin's nolo contendere plea, did not prejudice him. Rather, Hardin gained the benefits of the plea agreement

8

without an express acknowledgement of his guilt. We conclude that Hardin did not receive ineffective assistance of counsel.

¶21 ISSUE 3: Did the District Court err in denying postconviction relief on Hardin's claim that he was denied effective assistance of counsel when his attorney failed to investigate his case prior to his plea?

¶22 In his petition for postconviction relief, Hardin alleges he received ineffective assistance of counsel due to his attorney's failure to meet with him earlier and interview the witnesses he wished to have testify on his behalf, as well as the fact he was sentenced without a psychosexual evaluation, was not given a copy of his presentence report, and his waiver of jury trial was never put in writing. The District Court addressed these issues, determining that these claims were record based and should have been raised on direct appeal. *See State v. White*, 2001 MT 149, 306 Mont. 58, 30 P.3d 340. Alternatively, the court determined under the two-part *Strickland* test that Hardin failed to establish that any of these alleged errors prejudiced him. Of these claims, the only issue Hardin continues to raise in his appeal is whether his attorney failed to adequately investigate his case. Hardin does not allege that his plea was not entered voluntarily.

¶23 Generally, when a criminal defendant voluntarily and knowingly enters a guilty plea, he waives the right to appeal all nonjurisdictional defects which occurred prior to entry of the plea, including claims of constitutional violations. *Hagan v. State*, 265 Mont. 31, 35, 873 P.2d 1385, 1387 (1994) (citations omitted); *State v. Samples*, 2005 MT 210, ¶ 11, 328 Mont. 242, ¶ 11, 119 P.3d 1191, ¶ 11 (citations omitted). After entering such a

plea, the defendant can only challenge the voluntary character of his plea. *Hagan*, 265 Mont. at 35, 873 P.2d at 1387.

¶24 When Hardin entered his plea, he signed a plea agreement form and plea of guilty and waiver of rights form. By signing these forms, Hardin acknowledged that he was entering his plea knowingly and that he understood he was waiving his rights. He also acknowledged he was satisfied with his attorney's services. There is no allegation or evidence in the record that Hardin did not voluntarily and knowingly enter the nolo contendere plea and understand the consequences of the plea. *Hagan*, 265 Mont. at 35-36, 873 P.2d at 1387.

¶25 The District Court did not err in denying postconviction relief on this claim of ineffective assistance of counsel.

¶26 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON

/S/ JAMES A. HAYNES
Honorable James A. Haynes, District Judge,
sitting in place of Justice Brian Morris