FILED

September 10 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0082

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 246N

GORDON MAKARCHUK,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-10-039(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Gordon Edward Makarchuk (Self-Represented), Rome, New York

        For Appellee:

        Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  August 13, 2014
Decided:  September 10, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gordon Makarchuk appeals from the District Court's Order denying his petition for postconviction relief (PCR). We affirm.

¶3 This case arises from an October 2006 conviction for operation of an unlawful clandestine drug laboratory in a camp trailer. Makarchuk appealed his conviction to this Court, which affirmed the conviction, but reversed on the issue of the trial court's imposition of parole conditions. *State v. Makarchuk*, 2009 MT 82, 349 Mont. 507, 204 P.3d 1213.

¶4 In January 2010, Makarchuk filed a pro se petition for PCR, asserting twenty-two claims. The District Court dismissed the majority of claims, but scheduled the ineffective assistance of counsel claims (failure to investigate other persons' access to the camper and failure to search the camper for exculpatory evidence) for a hearing.

¶5 In December 2011, Makarchuk retained new counsel and filed an amended petition for PCR, adding two additional claims for ineffective assistance of trial and appellate counsel. This lawyer eventually withdrew from the case.

2

¶6    The District Court conducted a hearing in September 2013. Makarchuk failed to present evidence related to the prior allegation of ineffective assistance of counsel, but rather raised three new claims related to his trial. The District Court noted that Makarchuk "was given a fair opportunity to address the two remaining claims . . . but instead raised new issues during his testimonial argument, and failed to address either remaining claim." The District Court held that Makarchuk had failed to demonstrate how his trial counsel was ineffective and denied Makarchuk's request for PCR. Further, the Court ruled that the new claims raised by Makarchuk were record-based and should have been raised in his direct appeal, in addition to be being time barred.

¶7    While Makarchuk had amended his petition to include claims against both trial and appellate counsel, he did not address the appellate claims at the hearing and the District Court did not rule on them. Makarchuk has not raised any claim regarding his appellate counsel in this appeal and as a result those claims are waived.

¶8    The issue on appeal is whether the District Court erred in denying Makarchuk's petition for post conviction relief.

¶9    The District Court did not err in the determination that the newly raised issues were record-based and could have been raised on direct appeal. If a petitioner could "reasonably" have raised the issues on direct appeal, but failed to do so, the issue shall be barred from future PCR consideration. Section 46-21-105(2), MCA; *Hardin v. State*, 2006 MT 272, ¶ 16, 334 Mont. 204, 146 P.3d 746.

¶10 Further, a petitioner must raise all grounds for PCR either in the original or amended original petition. Section 46-21-105(1)(a), MCA. Makarchuk introduced a number of new issues in his brief to this Court. The introduction of new claims after the original or amended petition is prohibited. Section 46-21-105(1)(a), MCA. Makarchuk failed to raise all grounds for PCR relief in his original petition and cannot suggest new claims in later briefs.

¶11 Finally, Makarchuk alleges ineffective assistance of counsel at the trial level. This Court uses the two-prong test delineated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984) to review ineffective assistance of counsel claims. A petitioner must satisfy both prongs of the test to prevail. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. If a petitioner fails to prevail on one prong, the Court is not obligated to address the other. *Stock v. State*, 2014 MT 46, ¶ 12, 374 Mont. 80, 318 P.3d 1053 (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069).

¶12 First, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064. Counsel enjoys a "'strong presumption that [their] conduct falls within the wide range of reasonable professional assistance.'" *Whitlow v. State*, 2008 MT 140, ¶ 15, 343 Mont. 90, 183 P.3d 861 (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The petitioner must "'identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Whitlow,* ¶ 16 (citing *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066).

¶13     In the present case, the District Court found that Makarchuk failed to show that his counsels' performance fell below professional standards.  Specifically, Makarchuk did not address the ineffective assistance of counsel claims during his hearing.  The District Court did not err when it denied the petition after Makarchuk failed to present evidence to support his claims.

¶14     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.  The issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶15     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE