FILED

09/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0271

DA 15-0271

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 236N

JIMMIE LEE AKER,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 13-96
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jimmie Lee Aker, Self-Represented, Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Lewis K. Smith, III, Powell County Attorney, Daniel M. Guzynski, Joel
M. Thompson, Special Deputy County Attorneys, Helena, Montana

            Submitted on Briefs:  August 3, 2016

                Decided:  September 20, 2016

Filed:

                _____
                        Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jimmie Lee Aker appeals an order of the Third Judicial District Court, Powell County, denying his petition for postconviction relief. We address whether the District Court erred in denying Aker's petition. We affirm.

¶3 On May 19, 2011, a jury found Aker guilty of Sexual Intercourse Without Consent. Aker appealed the judgment, arguing that the prosecutor committed prosecutorial misconduct and that Aker's counsel provided ineffective assistance during the trial. On September 4, 2013, this Court declined to exercise plain error review on Aker's prosecutorial misconduct claim and further concluded that Aker's ineffective assistance of counsel claim could only be raised in a postconviction relief petition. *State v. Aker*, 2013 MT 253, ¶¶ 27, 35-37, 371 Mont. 491, 310 P.3d 506.

¶4 On October 8, 2013, Aker filed a petition for postconviction relief alleging: (1) ineffective assistance of counsel for failing to object at several stages of trial and failing to call a physician as a defense expert witness; and (2) prosecutorial misconduct during closing argument through improper comments regarding witness credibility. On April 8, 2015, the District Court denied Aker's petition. The District Court denied Aker's ineffective assistance of counsel claims because Aker inadequately pled the issues,

2

relying on conclusory and speculative statements, instead of facts supported with affidavits or citations to the record. The District Court denied Aker's prosecutorial misconduct claim because this Court already addressed the issue, on the merits, and found that none was present.

¶5 "We review a district court's denial of a petition for postconviction relief to determine whether its findings of fact are clearly erroneous and whether its legal conclusions are correct." *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387.

¶6 Aker's ineffective assistance of counsel claim is based on thirteen allegations. In the first eight allegations, Aker contends his trial counsel failed to: (1) call a nurse to testify that the State's expert witness was not the first to examine the victim; (2) call over forty witnesses that Aker identified as allegedly being able to corroborate his location on the date in question; (3) object to photographs the State introduced to prove his mobility six months before the pictures were taken; (4) object or bring attention to alleged discrepancies between the testimony of the victim and her mother, or to present evidence that the television show the victim said she was watching during the underlying crime did not air on that date; (5) offer a lesser-included offense instruction; (6) negotiate a plea agreement; (7) spend sufficient time with Aker preparing for trial; and (8) accurately represent his trial experience. As a corollary to Aker's ineffective assistance of counsel claims, Aker also alleges he was wrongfully accused of violating a restraining order on four separate occasions.

¶7    "[W]e have repeatedly held, we will not address issues raised for the first time on appeal." *Ford v. State*, 2005 MT 151, ¶ 12, 327 Mont. 378, 114 P.3d 244 (declining to address an issue raised for the first time when reviewing the denial of a postconviction petition). This Court does not "conduct such review where the district court has not been presented with an opportunity to rule on the issue." *State v. Ferguson*, 2005 MT 343, ¶ 65, 330 Mont. 103, 126 P.3d 463. Here, Aker's first eight ineffective assistance of counsel allegations and his restraining order claim are made for the first time on appeal. In accordance with *Ford* and *Ferguson*, we therefore decline to address those eight ineffective assistance of counsel allegations and the restraining order issue.

¶8    In Aker's ineffective assistance of counsel claims 9 through 13, he alleges his counsel failed to: (9) object to certain State witnesses' hearsay statements regarding the victim's account of the sexual abuse at issue; (10) object to a State expert witness's opinion concerning the victim's account's veracity; (11) object to a State witness's out-of-court identification of Aker as her abuser; (12) object to the prosecutor's comments in closing argument concerning witness credibility and references to Aker's "social status"; and (13) call a physician as a defense expert to rebut the State's expert testimony. The District Court concluded Aker improperly pled the ineffective assistance of counsel claims. The Court therefore dismissed the claims when denying Aker's petition.

¶9    "To prove an ineffective assistance of counsel claim, the defendant must meet both prongs of the two-part test established in *Strickland v. Washington* . . . ." *Hardin v. State*, 2006 MT 272, ¶ 18, 334 Mont. 204, 146 P.3d 746 (citing *Strickland v. Washington*,

4

466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). A defendant meets both *Strickland* prongs by showing that "his counsel's performance was deficient and the deficient performance prejudiced him." *Hardin*, ¶ 18 (citation omitted).

¶10 A petition must present more than self-serving, conclusory allegations without any supporting evidence to meet the *Strickland* test. *State v. Wright*, 2001 MT 282, ¶ 31, 307 Mont. 349, 42 P.3d 753. Section 46-21-104(1)(c), MCA, states that the "petition for postconviction relief must . . . identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts."

¶11 Here, the District Court determined Aker's petition "relies solely on conclusory allegations, not fact," and "does not identify any particular testimony or portion of the record he deems objectionable." Nevertheless, the District Court reviewed the merits of Aker's ineffective assistance of counsel claims. The District Court concluded, after considering the defense counsel's affidavit, that his performance was not deficient and that Aker did not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Whitlow v. State*, 2008 MT 140, ¶ 15, 343 Mont. 90, 183 P.3d 861 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). The District Court could not fully analyze the second *Strickland* prong because Aker's petition "includes only speculation that the trial outcome might have been different and, as such, does not satisfy the statutory requirement of demonstrating prejudice."

¶12    Our review of Aker's petition reveals the document lacks the required elements of § 46-21-104(1)(c), MCA. Although the petition asserts facts, they are conclusory and self-serving, and lack "attached affidavits, records, or other evidence establishing the existence of those facts." *See* § 46-21-104(1)(c), MCA. The District Court did not err when finding that Aker failed to properly petition for postconviction relief, and the District Court correctly concluded that such failure necessitated denying Aker's petition.

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact were not clearly erroneous and its conclusions of law were correct. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

Justice Laurie McKinnon, dissenting.

¶14    Consistent with my dissent in *State v. Aker*, 2013 MT 253, 371 Mont. 491, I would allow Aker to proceed on his claims of ineffective assistance of counsel regarding counsel's failure to object to the admission of hearsay evidence and counsel's failure to object to improper closing argument by the State. To the extent we conclude otherwise, I dissent.

/S/ LAURIE McKINNON