DA 16-0540

FILED
09/26/2017
*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: DA 16-0540

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 239N

TIMOTHY J. WHALEN,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-1430
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Timothy Joseph Whalen, self-represented, Columbus, Montana

     For Appellee:

        Timothy C. Fox, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

        Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  June 28, 2017

Decided:  September 26, 2017

Filed:

                                 Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Timothy J. Whalen (Whalen) appeals the denial of his petition for postconviction relief and concurrent motion to withdraw his guilty pleas by the Montana Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3	On the morning of September 25, 2009, Whalen, a licensed commercial school bus driver transporting a bus full of students, struck a 15-year-old girl in a designated crosswalk in Billings, Montana. He immediately stopped the bus, ran to and checked on the girl, then got back in the bus, and drove off without identifying himself or reporting the incident to authorities. After delivering his passengers, Whalen returned to the accident scene where police ultimately arrested him upon determining that he was under the influence of alcohol at the time of the accident and had caused serious bodily injury to the girl struck in the crosswalk.

¶4	On August 13, 2010, Whalen pled guilty in district court to one count of negligent vehicular assault (§ 45-5-205, MCA) and one count of criminal endangerment (§ 45-5-207, MCA). Pursuant to the plea agreement, the State dismissed an alternative count of felony criminal endangerment and a count of felony failure to stop or remain at the scene of a personal injury accident. Upon hearing, the District Court ultimately sentenced Whalen to

2

concurrent six-year terms of commitment to the Montana Department of Corrections (DOC) with 18 months suspended and credit for time served. Whalen discharged onto probation on December 17, 2012.

¶5 On February 5, 2013, we affirmed Whalen's conviction and sentence in *State v. Whalen*, 2013 MT 26, 368 Mont. 354, 295 P.3d 1055 (alleged insufficiency of plea waiver waived, legal sentence imposed, lawful probation conditions imposed, and 8th Amendment challenge to sentence and conditions of incarceration waived). On October 6, 2014, Whalen timely-filed a district court petition for postconviction relief (PCR) and concurrent motion to withdraw his guilty pleas.[1] On July 20, 2016, following a three-day evidentiary hearing, the District Court issued a comprehensive, 29-page order denying Whalen's concurrently filed PCR petition and motion to withdraw pleas. Whalen fully discharged his sentence on July 19, 2016.

¶6 Based on various asserted claims of error, Whalen's overlapping PCR petition and motion to withdraw pleas essentially assert that: (1) his pleas and plea waiver were not valid because they were not knowing, voluntary, and intelligent due to ineffective assistance of counsel; (2) the District Court unlawfully incarcerated him, thereby denying him the opportunity to present an effective defense; and (3) this Court prejudiced his exercise of available post-plea rights and remedies by refusing to stay his initial appeal and

---

[1] Although Whalen filed the instant PCR petition and motion to withdraw his guilty pleas more than four years after he changed his pleas, the U.S. Supreme Court did not decline review of his case until October 7, 2013. *Whalen v. Montana*, ___ U.S. ___, 134 S. Ct. 319 (2013). Thus, Whalen timely filed his PCR petition and concurrent plea withdrawal motion within the one-year deadline specified by §§ 46-16-105(2)(c) and 46-21-102(1)(c), MCA.

3

allow the District Court to re-assume jurisdiction to entertain his earlier motion to withdraw his guilty pleas. Whalen ultimately seeks restoration of his right to trial upon withdrawal or setting aside of his guilty pleas.

¶7 Our standard of review of a district court denial of a PCR petition is whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576. The question of whether a defendant voluntarily pled guilty and thereby knowingly, voluntarily, and intelligently waived associated rights is a mixed question of fact and law reviewed de novo. *State v. Warclub*, 2005 MT 149, ¶ 17, 327 Mont. 352, 114 P.3d 254. The question of whether the performance of counsel was constitutionally deficient is similarly a mixed question of fact and law. *McGarvey*, ¶ 14.

¶8 Upon a showing of good cause, a district court may allow a defendant to withdraw a guilty plea before judgment or within one year after a judgment of conviction becomes final. Section 46-16-105(2), MCA. An involuntary guilty plea is good cause for withdrawal of the plea under § 46-16-105(2), MCA. *State v. Brinson*, 2009 MT 200, ¶ 8, 351 Mont. 136, 210 P.3d 164. A plea is not voluntary if the defendant did not understand the consequences of the plea or the plea was induced by threats, misrepresentation, improper promises, or bribes. *Brinson*, ¶ 8; *Warclub*, ¶ 32; *State v. Lone Elk*, 2005 MT 56, ¶¶ 13-16 and 21-23, 326 Mont. 214, 108 P.3d 500 (requirement for knowing, voluntary, and intelligent plea waiver), *overruled on other ground by Brinson*, ¶ 9 (rejecting "however slightly" standard of inducement). A defendant must prove that a prior plea was not

4

voluntary by a preponderance of the evidence. *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20.

¶9     A criminal defendant's right to counsel under the United States Constitution, Amendments VI and XIV, and Montana Constitution, Article II, section 24, includes the right to effective assistance of counsel. *Miller v. State*, 2012 MT 131, ¶ 12, 365 Mont. 264, 280 P.3d 272. To prevail on a claim of ineffective assistance of counsel (IAC), a defendant must affirmatively prove: (1) that counsel's performance was in fact deficient and, if so, (2) the deficient performance resulted in actual prejudice to the defendant's right to a fair trial. *Miller*, ¶ 13; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The claimant must support an IAC claim with record facts; conclusory allegations or assertions are insufficient. *St. Germain v. State*, 2012 MT 86, ¶ 8, 364 Mont. 494, 276 P.3d 886. Failure of proof of one *Strickland* prong defeats the claim and obviates the need for consideration of the other. *Whitlow v. State*, 2008 MT 140, ¶ 11, 343 Mont. 90, 183 P.3d 861 (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069). A court may consider the *Strickland* elements in any order as necessary to dispose of a claim. *Cobell*, ¶ 15.

¶10     Under the first prong of the *Strickland* test, counsel's performance is presumed effective based on sound trial strategy within a broad range of reasonable professional conduct. *Whitlow*, ¶ 21. Counsel's performance is constitutionally deficient only if, viewed in the light most deferential to counsel, it falls "below an objective standard of reasonableness" under the circumstances and "prevailing professional norms," regardless of best or customary practices. *Ariegwe v. State*, 2012 MT 166, ¶ 16, 365 Mont. 505, 285 P.3d 424; *Bomar v. State*, 2012 MT 163, ¶ 19, 365 Mont. 474, 285 P.3d 396; *Worthan v.*

*State*, 2010 MT 98, ¶ 10, 356 Mont. 206, 232 P.3d 380 (citing *Whitlow*, ¶ 15). Success is not the measure of effective counsel. *Bomar*, ¶ 19. Effective assistance does not require "perfect advocacy judged with the benefit of hindsight." *Bomar*, ¶ 8 (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003)). Effective performance requires only performance that was reasonably competent under the circumstances. *Bomar*, ¶ 19; *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Defense "counsel has no constitutional obligation to raise every non-frivolous issue" in a client's defense. *Miller*, ¶ 14. Failure to raise an issue constitutes deficient performance only upon preponderant proof that the omitted or ignored issue was "clearly stronger than" the issues raised. *Miller*, ¶ 14.

¶11 Under the second *Strickland* prong, deficient performance of counsel is prejudicial only upon proof that a reasonable probability exists that the outcome of the proceeding would have been different but for the deficient performance. *Ariegwe*, ¶ 16; *Heath v. State*, 2009 MT 7, ¶ 17, 348 Mont. 361, 202 P.3d 118; *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In this context, a "reasonable probability is a probability sufficient to overcome confidence in the outcome" of the proceeding. *Cobell*, ¶ 14. Prejudice on a challenge to the voluntariness of a guilty plea based on alleged IAC requires proof that it was reasonably probable that, but for counsel's errors, the defendant would not have pled guilty. *Hardin v. State*, 2006 MT 272, ¶ 18, 334 Mont. 204, 146 P.3d 746. The mere fact that a deficient performance may have "had some conceivable effect on the outcome of the proceeding" is insufficient to prove constitutional prejudice. *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067.

¶12     Here, the District Court's 29-page order comprehensively addressed Whalen's numerous allegations of attorney error. The postconviction *Gillham* testimony[2] of counsel described Whalen, who was a licensed attorney and former State legislator, as an unusually sophisticated client. Whalen presented to counsel as having the capacity to conduct independent research, understand applicable law, and actively participate in strategic discussions. Disputing Whalen's assertion of his inability to influence the conduct of his defense, counsel testified that "Whalen debated almost every piece of advice we gave him" and that it was simply not possible "to pressure him or convince him of something he did not agree with on his own volition." In explaining their decision not to challenge the State's alcohol intoxication evidence, counsel noted that: (1) Whalen admitted to drinking alcohol the night before the morning of the accident; (2) the discovery documents verified that law enforcement properly calibrated its breath-testing equipment; and (3) Whalen never disputed the accuracy of the test.

¶13     Counsel testified further that they discussed hiring an investigator or accident reconstructionist with Whalen but he flatly rejected the proposal due to cost. Counsel testified further that Whalen never expressed an intent to go to trial but, rather, wanted to delay trial as long as possible to distance himself from adverse news coverage of the accident and to allow his case to become "stale." Counsel testified that, in the end, Whalen explicitly directed them to initiate plea negotiations with the State, fully understood the nature and consequences of the State's final plea offer, and freely accepted it.

---

[2]  *See Petition of Henry J. Gillham*, 216 Mont. 279, 281-82, 704 P.2d 1019, 1020 (1985).

7

¶14 The record reflects that the District Court conducted a thorough colloquy at Whalen's change of plea hearing on August 13, 2010, during which he expressly represented that he was knowingly and voluntarily pleading guilty. Whalen stated in open court that he fully understood the consequences of his guilty pleas and waiver of associated constitutional rights to trial by jury, to confront and cross-examine witnesses, to require the State to prove his guilt beyond a reasonable doubt, and to be free from self-incrimination. He further expressly represented that he had no mental difficulty and was taking no medication that would impair his ability to understand the nature or consequences of a guilty plea. Whalen's written plea agreement and acknowledgement of waiver of rights clearly specified the maximum allowable sentences he could receive and further represented that:

> I have met with my attorneys and had the opportunity to review the police reports, witness statements, and other physical evidence. I am satisfied with my attorneys' services and advice, and I have had adequate time to review legal issues with counsel and discuss possible defenses.

Whalen made explicit factual admissions on the elements of each felony offense to which he pled guilty and represented that he was aware of nothing that constrained the court from imposing any sentence allowed by law.

¶15 The District Court made extensive findings of fact regarding Whalen's IAC claims. The District Court determined that Whalen was entirely "capable of communicating with and questioning his counsel throughout his criminal matter," noting that his ability "to review the discovery material and other documents filed" allowed him to "assist his trial counsel after he posted bond and was released from incarceration." The District Court

8

found that Whalen's admission to consuming alcohol and the proper functioning of law enforcement's breath-testing equipment provided sound bases for counsel to reasonably conclude that attempting to challenge the accuracy of the State's breath-test result would be futile. Moreover, the District Court found no evidence indicating that Whalen's pleas were anything other than the product of a knowing, voluntary, intelligent, and calculated decision. The District Court ultimately concluded that the performance of Whalen's counsel was well within an objective standard of reasonableness and that he knowingly, voluntarily, and intelligently pled guilty.

¶16 On appeal, Whalen recounts a laundry list of alleged errors by counsel supported by no more than conclusory assertions of deficient performance. Whalen presented no *evidence* as to pertinent prevailing professional norms for the representation of criminal defendants, much less any specific proof of how, why, or on what basis the cursorily alleged errors and omissions of counsel failed to meet those norms on the record in this case. No substantial evidence of record supports Whalen's claim that counsel induced him to accept the plea agreement by threat, misrepresentation, or improper promises. No substantial evidence supports his assertion that counsel failed to adequately investigate his case or to adequately advise him of available defense options and the consequences of his pleas. We further hold that Whalen failed to meet his burden on appeal of showing that the District Court's findings of fact were clearly erroneous or that its conclusions of law were not correct. We hold that the District Court correctly concluded that Whalen failed to prove his IAC claims and similarly failed to show good cause for withdrawal of his guilty pleas.

¶17 Whalen finally asserts that this Court denied him an adequate remedy by refusing to stay his initial appeal and allow the district court to re-assume jurisdiction to entertain his earlier motion to withdraw his guilty pleas. Whalen also reframes as a postconviction claim his earlier appellate contention that the District Court imposed illegal conditions of probation. The District Court declined to address these additional claims, concluding that Whalen failed to timely or properly raise them as provided by law. We agree. Together with a detailed procedural history of this case, the jurisdictional implications of filing a notice of appeal to this Court and Whalen's challenge to the legality of his sentence are set forth in *State v. Whalen, supra*. We hold that Whalen has simply failed to properly comply with the substantive and procedural requirements for contesting these additional issues on direct appeal, PCR petition, or as otherwise provided by law. We affirm.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We affirm the District Court's denial of Whalen's motion to withdraw his guilty pleas and petition for postconviction relief.

/S/ DIRK M. SANDEFUR

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT