No. 03-817

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 374

FORREST M. SANDERS,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DV 03-0705,
The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Forrest M. Sanders (pro se), Billings, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Jennifer Anders,
            Assistant Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney; Mark J. Murphy, Deputy
            County Attorney, Billings, Montana

                Submitted on Briefs:  June 23, 2004

                      Decided:   December 27, 2004

Filed:

_____
                    Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Forrest M. Sanders (Sanders), *pro se*, appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief. We affirm.

¶2     We address the following issue on appeal:

¶3     Did the District Court correctly apply the procedural bar in § 46-21-105(2), MCA, and refuse to address Sanders' claim for relief on that basis?

## BACKGROUND

¶4     On October 11, 2002, Sanders pled *nolo contendere* to the offense of partner family member assault (assault). On the same day, the District Court held a hearing on the State's petition to revoke the suspended portion of his sentence for a different offense. At the hearing, Sanders admitted to violating the terms set forth in the petition. Immediately following the hearing, the District Court revoked the suspended sentence and imposed a one-year jail term on the assault charge, to run concurrent with the sentence imposed for the previous offense. Sanders did not appeal.

¶5     Petitioner alleges that on or about August 18, 2002, he filed a motion to dismiss the assault charge on the grounds that he did not appear before a magistrate and no bail was set within 72 hours of his arrest, pursuant to § 46-23-1012(3), MCA. *See State v. Giddings*, 2001 MT 76, 305 Mont. 74, 29 P.3d 475. However, Petitioner subsequently withdrew the motion in an effort to resolve all pending claims and charges against him. In consideration for his withdrawal of the *Giddings* claim, the felony assault charge was reduced to a misdemeanor and Petitioner was not designated a persistent felony offender.

2

¶6 In April 2003, Sanders, instead of filing a direct appeal, filed a *pro se* petition for a writ of habeas corpus in this Court. He alleged the District Court lacked jurisdiction to revoke his suspended sentence because he did not receive a hearing within 72 hours as required by § 46-23-1012(3), MCA, and further sought relief because he was eligible for parole but had not yet appeared before the parol board. On July 8, 2003, this Court ruled Sanders' first argument constituted a collateral attack upon his conviction and was therefore not appropriate for habeas corpus relief, but remanded the case to the District Court for further consideration as a petition for postconviction relief. This Court held that his second ground for relief was moot because he had a parol hearing scheduled for July 2003.

¶7 The petition was then considered by the District Court. Sanders filed a brief in support of his petition for postconviction relief. The State responded that Sanders' claim he was not timely brought before a magistrate was waived because he agreed to abandon that issue when he pled guilty, in exchange for the State's agreement to reduce the assault charge from a felony to a misdemeanor and drop the persistent felony offender designation. The State also pointed out Sanders was held not only on a probation violation, but on the assault offense, so that the applicability of § 46-23-1012(3), MCA, was questionable.

¶8 The District Court acknowledged the State's waiver argument, but denied the petition on the basis of the direct appeal bar in § 46-21-105(2), MCA; reasoning that since Sanders could have raised the issue on direct appeal, he was procedurally barred from doing so on postconviction review.

¶9 Sanders now appeals from the District Court's denial of his petition for postconviction relief.

STANDARD OF REVIEW

¶10 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings are clearly erroneous and whether its conclusions of law are correct. *Walker v. State*, 2003 MT 134, ¶ 36, 316 Mont. 103, ¶ 36, 68 P.3d 872, ¶ 36.

DISCUSSION

¶11 Did the District Court correctly apply the procedural bar in § 46-21-105(2), MCA, and refuse to address Sanders' claim for relief on that basis?

¶12 Sanders argues that a direct appeal is not the sole means by which he can raise the issue that the District Court lacked subject matter jurisdiction, because such a claim can be raised at any time. He points out that he waived his right to appeal pursuant to the plea agreement. Therefore, Sanders maintains he was not precluded from raising the jurisdiction argument in his petition for postconviction relief. Sanders cites *State v. Moorman* (1997), 279 Mont. 330, 928 P.2d 145, in support of this proposition. Sanders argues further that because the District Court lacked the jurisdiction to revoke his suspended sentence, he may be wrongly forced to comply with the Violent Offender Registration Act.

¶13 Relying on our language in *Gollehon v. State*, 1999 MT 210, ¶ 55, 296 Mont. 6, ¶ 55, 986 P.2d 395, ¶ 55, the State contends Sanders' claim of lack of subject matter jurisdiction is barred by § 46-21-105(2), MCA, because Sanders could have raised this argument on direct appeal. The State also argues that Sanders' claim is barred under the principle that a guilty plea waives any substantive or procedural defense that arose prior to entry of the plea.

¶14 In *Moorman*, we concluded the sentencing court lacked "subject matter jurisdiction" to impose the particular sentence and that the bar in § 46-21-105(2), MCA, did not apply in

4

such cases. *Moorman*, 279 Mont. at 336, 928 P.2d at 149. However, we recently overruled that portion of the opinion on which Sanders relies in *Pena v. State*, 2004 MT 293, 323 Mont. 347, 100 P.3d 154, stating:

> However, the question in [*Moorman*] was not whether the court possessed the "power" or "capacity" to entertain, hear and determine a matter, but rather whether the particular sentence imposed by the sentencing court was statutorily permissible, and therefore, to the extent that our holding in *Moorman* characterized and resolved the sentencing issue before it as "jurisdictional," that holding was incorrect, and is overruled.

*Pena*, ¶ 25.

¶15 Likewise, Sanders' claim the District Court failed to follow the statutory procedure concerning making arrangements for a hearing within 72 hours, as delineated in § 46-23-1012(3), MCA, is not a true jurisdictional question. Whether a district court commits a statutory error must not be confused with the question of whether the court had the power or capacity to proceed in the first instance. *Pena*, ¶ 22. Sanders' claim is more properly characterized as a claim that his sentence was illegal, which is a nonjurisdictional claim for purposes of the postconviction statutes. *Pena*, ¶ 25. Section 46-21-105(2), MCA, precludes postconviction relief upon such a claim because Sanders could have raised it on direct appeal. While the District Court did not have the benefit of *Pena*, it nevertheless correctly concluded that § 46-21-105(2), MCA, bars Sanders' claim for postconviction relief.

¶16 As for Sanders' argument regarding the Violent Offender Registration Act, this issue was not raised in the District Court. A postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal. *State v. Garner*, 2001 MT 222, ¶ 45, 306 Mont. 462, ¶ 45, 36 P.3d 346, ¶ 45; § 46-21-105(1)(a), MCA.

5

Thus, we decline to address it.

¶17     Affirmed.

                              /S/ JOHN WARNER


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JIM RICE