No. DA 06-0098

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 349N

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

SETH LINDGREN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
                    In and For the County of Teton, Cause No. DC 05-009
                    Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Meghan Lulf Sutton, Attorney at Law, Great Falls, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
       Assistant Attorney General, Helena, Montana

       Joe Coble, Teton County Attorney; Laurie McKinnon,
       Choteau, Montana

Submitted on Briefs:  November 28, 2006

Decided:  December 27, 2006

Filed:

_____
                    Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Seth Lindgren appeals from a judgment entered against him in the Ninth Judicial District Court, Teton County, on grounds that the court lost jurisdiction when the State of Montana failed to comply with statutory time requirements for holding a transfer hearing to bypass youth court and charge him directly in District Court.  We affirm.

¶3     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  The issue presented is clearly controlled by settled Montana law.

¶4     Lindgren was 17 years old when he committed the subject burglary offense.  Pursuant to §§ 41-5-203(1) and -206(2) and (4), MCA, the District Court acquired jurisdiction over Lindgren's case when the Information was filed in the District Court.  The court then committed a statutory error in failing to timely hold a transfer hearing pursuant to § 41-5-206(3), MCA.  A court's statutory error must not be confused with whether the court had the power or capacity to proceed in the first instance.  *Sanders v. State*, 2004 MT 374, ¶ 15, 325 Mont. 59, ¶ 15, 103 P.3d 1053, ¶ 15 (citation omitted).

¶5	A district court may not be reversed for a statutory error unless the record shows the error was prejudicial. *See* § 46-20-701(1), MCA. Lindgren has not argued that an earlier transfer hearing would have resulted in his case being transferred to the youth court; nor has he challenged any of the District Court's reasons for not transferring his case. The record shows that Lindgren was free on his own recognizance during the entire District Court proceeding. As a result, we conclude any error from the delay in holding a transfer hearing was harmless. In addition, as the District Court recognized in its order denying Lindgren's motion to dismiss the charges against him, even if the court had dismissed this case due to the failure to timely hold a transfer hearing, the State would not have been precluded from refiling an Information in District Court.

¶6	Affirmed.

/S/ KARLA M. GRAY


We concur:

/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON