FILED

09/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0185

DA 15-0185

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 222N

GREGG ALLEN ZINDELL,

Plaintiff and Appellant,

v.

STATE OF MONTANA,

Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDV-14-446
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Gregg Allen Zindell (Self-Represented), Shelby, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

John W. Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  June 22, 2016

Decided:  September 6, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In January 2012, the State filed an Information charging Zindell with Sexual Intercourse without Consent. During the pre-trial process, the State offered Zindell three separate plea agreements: the first early on when he was represented by a public defender and the next two while he was represented by private lawyer Carl Jensen. Zindell rejected all three offers, steadfastly maintaining his innocence. Jensen met with Zindell regarding each offer that was made, discussing both the terms of the offers and the likely sentence he would receive if convicted. In 2013, a jury convicted Zindell of Sexual Intercourse without Consent and he was sentenced to thirty years in the Montana State Prison, with ten years suspended. We affirm.

¶3 In June 2014, Zindell filed a pro se Petition for Postconviction Relief (PCR) with the Eighth Judicial District Court, Cascade County, claiming he received ineffective assistance of counsel (IAC) from Jensen. Zindell claimed that counsel failed to educate him on the plea agreements offered by the State. Specifically, Zindell asserted that counsel did not spend the time required to fully explain the terms of the plea offers and the sentencing consequences of refusing the offers. Zindell claimed he would have

accepted the State's plea offer had he received this information. After receipt of Jensen's court-ordered affidavit, the District Court held a hearing on the PCR in November 2014. In January 2015, the District Court denied and dismissed Zindell's petition, finding that the record and hearing testimony supported Jensen's claim that he adequately informed Zindell of every plea agreement offered by the State and the likely sentence he faced if convicted at trial. The court further found that, given Jensen's testimony that Zindell maintained his innocence during the plea bargaining process, as evidenced by Zindell's claims of innocence throughout his trial, conviction, and sentencing, it was unlikely that Zindell would have accepted any plea agreement offered by the State.

¶4 In February 2016, Zindell filed a pro se brief on appeal to this Court. He argues that the District Court erred when it denied his petition and he also raises new IAC claims. The State responds that Zindell's PCR petition was properly dismissed and denied because counsel adequately informed Zindell of the terms and consequences of the plea agreements offered by the State. Moreover, the State asserts that Zindell fails to prove that counsel's advice had any prejudicial effect on him. The State also argues that this Court should not consider Zindell's new claims on appeal.

¶5 We review a district court's denial of a PCR petition to determine if the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576. We review IAC claims de novo. *McGarvey*, ¶ 14. A petitioner bears a heavy burden when seeking to reverse a district court order denying PCR based on IAC. *McGarvey*, ¶ 14.

¶6 Section 46-21-104, MCA, provides, in relevant part:

(1) The petition for postconviction relief must:

. . .

(c) identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.

"A postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal." *Sanders v. State*, 2004 MT 374, ¶ 14, 325 Mont. 59, 103 P.3d 1053; *see* § 46-21-105(1)(a), MCA. Thus, we decline to address those additional IAC claims Zindell raises for the first time on appeal.

¶7 To analyze a criminal defendant's IAC claims, we apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). *McGarvey*, ¶ 24. Under *Strickland*, "the defendant must demonstrate (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant." *McGarvey*, ¶ 24. Under the first prong of *Strickland*, the defendant must overcome the strong presumption that counsel's conduct falls within professional norms. *McGarvey*, ¶ 25. We will examine counsel's acts or omissions based on an objective standard of reasonableness. *McGarvey*, ¶ 25. To establish prejudice under *Strickland's* second prong, "the defendant must show that, but for counsel's errors, a reasonable probability exists that the result of the proceeding would have been different." *State v. Miner*, 2012 MT 20, ¶ 12, 364 Mont. 1, 271 P.3d 56.

¶8 Here, Zindell fails to establish that Jensen's conduct fell outside reasonable professional conduct. During plea negotiations, Jensen testified, and Zindell does not dispute, that he informed Zindell of each offer made to him by the State and discussed

each offer with him in his office. Jensen also advised Zindell of the potential sentencing consequences of not accepting the pleas. Specifically, Jensen advised Zindell that, based on past experience, a likely sentence for a Sexual Intercourse without Consent conviction was approximately thirty years with fifteen years suspended. Furthermore, based on Jensen's testimony and Zindell's own claims of innocence throughout the trial and sentencing proceedings, it is unlikely that Zindell would have accepted any plea agreement offered by the State. Indeed, when Zindell was offered a six-year sentence with four years suspended, an offer Jensen advised Zindell to consider, Zindell refused the offer because he believed that he would be acquitted at trial. Thus, Zindell fails to prove that Jensen's actions or omissions during plea negotiations would have produced a different result than the conviction and sentence he received.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of law were correct and its findings of fact are not clearly erroneous.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

5