FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0131

DA 20-0131

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 62N

RONALD LATRAY,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 19-985
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ronald O. LaTray, Self-Represented, Shelby, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
Assistant Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: February 10, 2021
Decided: March 9, 2021

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Ronald LaTray appeals from a January 30, 2020 District Court order denying his petition for postconviction relief. We affirm.

¶3     In March 2015, Ronald LaTray (LaTray) was arrested and charged with felony Driving Under the Influence (DUI), to which he subsequently filed a plea of nolo contendere. *State v. LaTray*, No. DA 17-0417, 2018 MT 305N, ¶ 2, 2018 Mont. LEXIS 432. The conviction was subsequently upheld on appeal. *LaTray*, ¶¶ 8, 10. LaTray filed a petition for postconviction relief (PCR) on July 18, 2019, alleging that the sentencing court lacked the statutory authority to sentence him as a persistent felony offender (PFO) based on his 1999 and 2009 DUI convictions. The District Court denied LaTray's petition on the merits and this appeal followed. Subsequently, LaTray filed a document entitled "AMENDMENT TO APPELLANT BRIEF: ADDITIONAL ISSUE."

¶4     We review a district court's denial of a PCR petition by determining whether the findings of fact are clearly erroneous and whether the conclusions of law are correct. *Lacey v. State*, 2017 MT 18, ¶ 13, 386 Mont. 204, 389 P.3d 233.

¶5     LaTray argues on appeal that the District Court erred in interpretating LaTray's 1999 and 2009 DUI convictions as prior felonies designating him a PFO under Montana law because they were each a "fourth or subsequent conviction" for DUI. *See* § 61-8-714(4), MCA (1995) ("On the fourth or subsequent conviction [for driving under the influence of alcohol or drugs], the person is guilty of a felony offense."); § 61-8-731(1), MCA (1997) ("On the fourth or subsequent conviction under 61-8-714 . . . the person is guilty of a felony."). Similarly, LaTray argues that applying these sentencing statutes to consider his prior convictions raises ex post facto concerns.

¶6     LaTray's arguments here constitute purely legal contentions that could have been raised on direct appeal. Grounds for relief that could reasonably have been raised on direct appeal may not be raised, considered, or decided in postconviction proceedings. Section 46-21-105(2), MCA; *see Sanders v. State*, 2004 MT 374, ¶ 14, 325 Mont. 59, 103 P.3d 1053. LaTray's claims are not based on material that is outside of the record, such as claims of discovery of new evidence or ineffective assistance of counsel. Because LaTray's arguments could have been raised on direct appeal, we do not consider them in the context of a PCR proceeding here. Though the District Court denied LaTray's PCR petition on the merits, we need not retrace the District Court's specific rationale to uphold its ultimately correct result. *State v. Betterman*, 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971.

¶7     Finally, LaTray's proposed amendment to his brief argues that he should have been entitled to the benefit of a 2017 revision to the definition of a PFO during sentencing. *See* § 46-1-202(18), MCA (2017) (requiring defendant be convicted of at least one sexual

3

or violent felony to be eligible for PFO status); 2017 Mont. Laws ch. 321, § 44 (providing that the amendment applies only to offenses committed after June 30, 2017). However, this argument was not raised in LaTray's PCR petition below. We do not address arguments raised for the first time on appeal, including in PCR proceedings. *Griffin v. State*, 2003 MT 267, ¶ 15, 317 Mont. 457, 77 P.3d 545. Therefore, we do not reach the merits of LaTray's argument here.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶9 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON