FILED

05/11/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0410

OP 20-0410

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 115

MIGUEL GARDIPEE,

      Petitioner,

  v.

JAMES SALMONSEN, Acting Warden,

      Respondent.

| | |
|---|---|
| ORIGINAL PROCEEDING: | Petition for Writ of Habeas Corpus |
| | In and For the County of Cascade, Cause No. CDC-13-284 |
| | Honorable Kenneth R. Neill, Presiding Judge |

COUNSEL OF RECORD:

      For Petitioner:

          Miguel Gardipee, Self-Represented, Deer Lodge, Montana

      For Respondent:

          Austin Knudsen, Montana Attorney General, Damon Martin, Assistant Attorney General, Helena, Montana

          John W. Parker, Cascade County Attorney, Susan Weber, Chief Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: April 23, 2021

Decided: May 11, 2021

Filed:

_____
                  Clerk

Justice Laurie McKinnon delivered the Opinion and Order of the Court.

¶1 Representing himself, Miguel Gardipee has filed a verified Petition for a Writ of Habeas Corpus, challenging his 2014 conviction and sentence following his no contest plea for sexual assault on a minor. In compliance with this Court's August 18, 2020 Order, the Assistant Attorney General for the State of Montana has filed a response, requesting that Gardipee's Petition be denied because he challenges his conviction and not his sentence.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The State provides Gardipee's background, which we summarize here. In June 2013, the State charged Gardipee with felony sexual abuse of children, pursuant to § 45-5-625(1)(h), MCA (2011), after Gardipee responded to an online ad and "knowingly travel[ed] within, from, or to this state with the intention of meeting a child under 16 years of age or a person the offender believe[d] to be a child under 16 years of age in order to engage in sexual conduct, actual or simulated." In April 2014, Gardipee signed a Plea Agreement, in which he agreed to plead no contest[1] in return for a commitment to the Department of Corrections (DOC) for twenty-five years with ten years suspended.[2] In August 2014, Gardipee moved the District Court to withdraw his plea and to proceed to trial; however, Gardipee later withdrew his motion. Accordingly, in September 2014, the District Court held a sentencing hearing and imposed a sentence of twenty-five years to the Montana State Prison (MSP), with ten years suspended. The court

---

[1] No contest and nolo contendere are used interchangeably.
[2] Gardipee received an exception to the mandatory minimum sentence of 100 years, pursuant to § 45-5-625(4)(a)(i), MCA (2011), and he was sentenced as recommended in his plea agreement to twenty-five years with ten suspended, under § 46-18-222(6), MCA.

made Gardipee ineligible for parole until he completed MSP's Sex Offender Treatment Program (SOP) 1 and 2. Gardipee did not appeal or seek postconviction relief in the District Court. Gardipee did apply for sentence review, and the Sentence Review Division affirmed his sentence.

## STANDARDS OF REVIEW

¶3 "The writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA. "[W]e recognize that the current habeas corpus statute bars an individual . . . , who has been adjudged guilty of an offense and has failed to appeal or has exhausted his remedy of appeal, to attack the validity of his sentence." *Lott v. State*, 2006 MT 279, ¶ 19, 334 Mont. 270, 150 P.3d 337. "It is well established that a plea of guilty which is voluntarily and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea." *Hagan v. State*, 265 Mont. 31, 35, 873 P.2d 1385, 1387 (1994) (citing *State v. Turcotte*, 164 Mont. 426, 428, 524 P.2d 787, 788 (1974)).

## DISCUSSION

¶4 Gardipee argues that his sentence is illegal. Citing *State v. Hansen*, 2017 MT 280, 389 Mont. 299, 405 P.3d 625, he contends that his no contest plea to a sexual offense is not valid. He further contends that his plea was induced by counsel's ineffectiveness, thereby raising an ineffectiveness assistance of counsel (IAC) claim. Gardipee states that he was a victim of entrapment and that he never waived any of his constitutional rights.

3

¶5     The State responds that Gardipee is procedurally barred from challenging his conviction through Montana's statute for habeas corpus relief, pursuant to § 46-22-101(2), MCA, and that Gardipee cannot demonstrate a facially invalid sentence even under the exception put forth in *Lott*, ¶¶ 21-22. The State explains that Gardipee does not dispute that his sentence of twenty-five years with ten suspended is a legal sentence for sexual abuse of children and contends that Gardipee's claims are an attack on the validity of his conviction, not his sentence. Because Gardipee's claims are an attack on his conviction and not his sentence, he has made his claims too late, some six years after his conviction, and can no longer seek relief through a direct appeal or a petition for postconviction relief in District Court. *See Hardin v. State*, 2006 MT 272, ¶ 16, 334 Mont. 204, 146 P.3d 746. The State distinguishes *Lott*, arguing Lott was challenging a facially invalid sentence in a petition for habeas corpus relief; in contrast, Gardipee's claims relate to his conviction and not an invalid sentence. Finally, the State argues the limited "record also establishes that the plea agreement was favorable to Gardipee, and he received a significant benefit from the plea agreement since he faced the potential [outcome] of a 100-year sentence."

¶6     The State correctly distinguishes that Gardipee is not challenging his sentence, but his conviction. The State asks that *Hansen* and *Hardin*, the case upon which *Hansen* was based, be overruled to the extent that the sentence is deemed illegal because of an invalid plea. *Hansen*, ¶ 10; *Hardin*, ¶ 15. We agree that our failure to distinguish between an alleged error in a defendant's conviction from an error rendering a sentence illegal, as we

failed to do in both *Hansen* and *Hardin,* is problematic. We take this opportunity to clarify our precedent.

¶7 *Hardin* involved an appeal from a district court's denial of Hardin's request for postconviction relief. Hardin argued the District Court had no authority to accept his plea of nolo contendere to sexual intercourse without consent because of the prohibitions contained in § 46-12-204(4), MCA, ("The court may not accept a plea of nolo contendere in a case involving a sexual offense[.]"). Hardin characterized his claim as jurisdictional, arguing "the court lacked jurisdiction to accept a nolo contendere plea and render a sentence based on that plea." *Hardin*, ¶ 14. We stated that

> Hardin is confusing statutory error with the power or capacity of the court to accept a plea or impose a sentence. Hardin's assertion that the District Court lacked jurisdiction to accept the plea and impose the sentence he received is "more accurately characterized as a claim that his sentence was illegal as exceeding statutory authority."

*Hardin*, ¶ 15 (quoting *Pena v. State*, 2004 MT 293, ¶ 24, 323 Mont. 347, 100 P.3d 154). We explained that "[a] challenge to the legality of a sentence can be raised on direct appeal." *Hardin*, ¶ 16 (citing *Pena*, ¶¶ 36-37). Because Hardin's claim should have been raised on direct appeal, he was procedurally barred from bringing it in a petition for postconviction relief. Section 46-21-105(2), MCA; *Hardin*, ¶ 16. In *Hardin*, this Court did not address whether a no contest plea for a sexual offense could be asserted in a habeas corpus petition; however, our conclusion in *Hardin* that the challenge being made was to the legality of a sentence suggests that relief could potentially be obtained through habeas corpus.

¶8 *Hansen* relied, in part, on *Hardin* to conclude that the same alleged defect in the plea and conviction, entering a no contest plea to a sexual assault, resulted in an illegal sentence. However, in contrast to *Hardin*, Hansen's challenge was raised on direct appeal and Hansen had not objected to the sentence at the time the district court imposed his sentence. *Hansen*, ¶ 11. We acknowledged, relying on *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979), that an illegal sentence could be challenged at any time and identified the issue as whether the court erred "by accepting Hansen's no contest plea to the charge of sexual assault, and imposing a sentence based upon that plea[.]" *Hansen*, ¶ 7. We held that the "entry of the no contest plea to sexual assault was an explicit violation of § 46-12-204(4), MCA." *Hansen*, ¶ 10. We erred, however, in concluding that an invalid plea results in an illegal sentence; more particularly, when we concluded "that Hansen's sentence, imposed upon his no contest plea, is illegal for exceeding a district court's statutory authority. *See Hardin*, ¶ 15." *Hansen*, ¶ 10. This conclusion was in error because, while the District Court erred in accepting Hansen's nolo contendere plea to a sexual offense, the error related to his conviction and Hansen made no objection to the District Court. Hansen's objection to his conviction was not preserved for appeal.

¶9 *Hansen* and *Hardin* were unique procedurally and stand in contrast to our precedent distinguishing between an illegal sentence and an invalid plea. A claim that a plea is invalid because § 46-12-204(4), MCA, prohibits a court from accepting a no contest plea in a case involving a sexual offense, is a claim challenging the conviction. Gardipee's claim challenging the validity of his conviction is waived because he failed to object in the trial court. Conversely, a claim challenging the legality of a sentence may always be raised,

6

despite it not having been raised in the trial court. However, Gardipee's sentence is within the legal range for sexual abuse of children and is, therefore, a legal sentence.

¶10    To the extent that *Hansen* and *Hardin* fail to distinguish between an illegal sentence and an invalid plea, they are overruled.

**CONCLUSION**

¶11    Gardipee has not demonstrated that he is entitled to habeas corpus relief. *Lott*, ¶ 19. His alleged error is a defective plea and not an illegal sentence. By failing to raise the alleged error in his conviction on direct appeal, he has waived his claim.

DATED this 11th day of May, 2021.


/S/ LAURIE McKINNON


We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR