DA 19-0704

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 211N

JACOB SMITH,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DV-2018-92
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jacob Smith, Self-Represented, Deer Lodge, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

Steven C. Haddon, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs:  August 4, 2021

Decided:  August 17, 2021

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jacob Smith appeals an order from the Fifth Judicial District Court, Jefferson County, denying his petition for postconviction relief. We affirm.

¶3     In 2009, the District Court sentenced Smith to the following charges: six months in jail for reckless driving; ten years to the Department of Corrections (DOC), with five years suspended, for criminal endangerment; ten years to the DOC with five years suspended for theft; and five years to the DOC suspended for possession of dangerous drugs. The sentences for criminal endangerment and theft were to run concurrently to each other and consecutively to the sentence for possession of dangerous drugs.

¶4     In 2014, the State filed a petition to revoke Smith's suspended sentence due to violations of his probationary terms and conditions. The petition cited numerous violations, including that Smith possessed a weapon, he consumed or possessed alcohol, and he failed to report to his probation officer. In October 2016, the District Court held a hearing on Smith's revocation petition. Smith pled true to absconding and the court revoked his suspended sentence and sentenced Smith to the DOC for five years. On August 30, 2017, the District Court issued an amended judgment to reflect Smith's credit for time served. Smith did not appeal the revocation of his suspended sentence.

2

¶5 On January 28, 2019, Smith filed a petition for postconviction relief, asserting he had newly discovered evidence of actual innocence. Specifically, Smith asserted his counsel failed to obtain documents from the Office of Probation and Parole which contained results from a toxicology report from the Montana State Crime Lab, and that his counsel urged him to admit to using illegal, dangerous drugs when there was no evidence of an illegal drug in his system. The State pointed out that Smith pled true to absconding and that the "new evidence" had no bearing on the probation violation. Smith asked for an opportunity to amend his petition, which the court allowed.

¶6 On May 10, 2019, Smith filed an amended petition for postconviction relief, asserting issues with his fitness at trial and ineffective assistance of counsel. The State filed a response asserting the amended petition was untimely. In July 2019, the District Court concluded Smith's petition was untimely and denied postconviction relief. In August 2019, Smith moved to alter or amend the court's judgment and additionally challenged the constitutionality of § 46-21-102, MCA. The District Court denied his motion. Smith appeals.

¶7 On appeal, Smith alleges the District Court failed to address all his claims and, in doing so, concluded his petition was time barred and incorrectly denied him postconviction relief.

¶8 "This Court reviews a district court's denial of a petition for postconviction relief to determine whether its factual findings are clearly erroneous and whether its legal conclusions are correct." *Garding v. State*, 2020 MT 163, ¶ 12, 400 Mont. 296, 466 P.3d 501 (citing *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387).

The petitioner has the burden of proving by a preponderance of the evidence that he or she is entitled to relief. *Herman v. State*, 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422.

¶9     This Court initially addresses Smith's assertion that § 46-21-102, MCA, is unconstitutional. "A statute is presumed constitutional unless it conflicts with the constitution, in the judgment of the court, beyond a reasonable doubt. The party challenging the constitutionality of a statute bears the burden of proof; if any doubt exists, it must be resolved in favor of the statute." *State v. Christensen*, 2020 MT 237, ¶ 13, 401 Mont. 247, 472 P.3d 622. Smith provides no analysis or case law to support his assertion that the one-year time limit is unconstitutional because it unfairly and disproportionately affects incompetent defendants. The District Court was correct to conclude Smith failed to meet this burden.

¶10     The District Court ultimately concluded Smith's petition for postconviction relief was time barred and procedurally barred. Petitions for postconviction relief generally must be filed "within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. An untimely filed petition for postconviction relief may fall within the exception to the time bar provided in § 46-21-102(2), MCA, when a claim is made that alleges the existence of newly discovered evidence. Section 46-21-102(2), MCA, requires claims that allege the existence of newly discovered evidence to be raised "in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later." Petitions may be amended during the course of an ongoing proceeding that was timely initiated. *State v. Root,*

4

2003 MT 28, ¶ 12, 314 Mont. 186, 64 P.3d 1035 (citing § 46-21-105(1)(a), MCA). All grounds for relief by a petitioner under § 46-21-101, MCA, must be raised in the original or amended original petition. Section 46-21-105(1)(a), MCA.

¶11 The District Court noted its amended judgment—filed August 30, 2017—became final on October 29, 2017 due to Smith's failure to file an appeal within the sixty-day time limit. The exception to the one-year time limit under § 46-21-102(2), MCA, calls for the existence of newly discovered evidence. The District Court correctly concluded Smith failed to establish he had newly discovered evidence and Smith was therefore required to file a petition for postconviction relief by October 29, 2018. Smith filed his original petition for postconviction relief on January 28, 2019. Smith's original petition, filed well past the one-year time limit, was correctly denied as time barred.

¶12 Finally, Smith could have raised the issues of his fitness at trial and ineffective assistance of counsel in his original petition for postconviction relief. Smith also asserts claims for the first time on appeal—claims of conspiracy by the judge, the prosecutor, and defense counsel, withholding of exculpatory evidence, and potential conflicts of interest. A postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal. *Sanders v. State*, 2004 MT 374, ¶ 16, 325 Mont. 59, 103 P.3d 1053; *see also* § 46-21-105, MCA. As such, his amended petition is procedurally barred.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR