FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0056

DA 22-0056

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 15N

BRANDON BAGNELL,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:     District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV-21-228
Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Brandon Bagnell, Self-Represented, Shelby, Montana

       For Appellee:

       Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

       James Allen Lapotka, Lake County Attorney, Brendan McQuillan,
Deputy County Attorney, Polson, Montana

Submitted on Briefs:   December 21, 2022

Decided:   January 24, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Brandon Bagnell (Bagnell) appeals from Twentieth Judicial District Court order denying his petition for postconviction relief (PCR).  We affirm.

¶3      After the State presented evidence of hundreds of (frequently violent and sexually explicit) letters Bagnell had sent to L.L. from prison, Bagnell was found guilty of stalking at an October 2, 2015 trial and sentenced as a persistent felony offender to twenty years' imprisonment, with no time suspended.  *See State v. Bagnell*, No. DA 18-0160, 2020 MT 234N, ¶¶ 2-5, 2020 Mont. LEXIS 2317.  On appeal, we concluded that an erroneous jury instruction was not sufficiently prejudicial to entitle Bagnell to a new trial on plain error review or to demonstrate ineffective assistance of counsel (IAC) for failure to object to the instruction.  *Bagnell*, ¶ 2.

¶4      Bagnell filed a pro se PCR petition.  The District Court dismissed the petition without a hearing, determining that the record conclusively showed that Bagnell was not entitled to relief.  The District Court summarily concluded that Bagnell's IAC claim was

already addressed on direct appeal and that Bagnell failed to show that the persistent felony offender sentence was imposed in violation of state or federal law.[1] Bagnell appeals.

¶5 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether conclusions of law are correct. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. We review discretionary rulings in PCR proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Heath*, ¶ 13. Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact we review de novo. *Heath*, ¶ 13.

¶6 A PCR petitioner must show, by a preponderance of the evidence, that the facts justify the relief. *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. A petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. A court may dismiss a PCR petition that does not satisfy this procedural threshold without holding an evidentiary hearing. *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422. Moreover, a district court also may dismiss a petition for postconviction relief without ordering a

---

[1] In the initial Order dismissing Bagnell's petition, the District Court also concluded that Bagnell's petition was not timely. After Bagnell subsequently filed a notice arguing that his claim was not time-barred, the District Court issued an order agreeing that Bagnell's petition was not time-barred and that the court's "procedural basis for dismissal was in error." The court concluded, however, that "the substantive grounds for dismissal remain."

response if the petition, files, and records "conclusively show that the petitioner is not entitled to relief." Section 46-21-201(1)(a), MCA.

¶7 In assessing claims of inadequate assistance of counsel, the reviewing court must apply the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, 10 P.3d 49. Under the *Strickland* standard, a defendant must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Dawson*, ¶ 20. Courts determine deficient performance based on whether a defendant's counsel acted within the broad range of competence demanded of attorneys in criminal cases. *State v. Santoro*, 2019 MT 192, ¶ 15, 397 Mont. 19, 446 P.3d 1141. A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional conduct. *Santoro*, ¶ 15. With regard to prejudice, the defendant must demonstrate that a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dawson*, ¶ 20; *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

¶8 Bagnell contends that the District Court erred in denying his IAC claims in his PCR petition on the basis of concluding that they had already been addressed on appeal. Bagnell points out that his direct appeal IAC claim was record-based, addressing only his trial counsel's failure to object to an allegedly erroneous jury instruction. *See Bagnell*, ¶ 13. In

this PCR petition, Bagnell asserts errors by his multiple counsel[2] throughout the case unrelated to trial counsel's failure to object to the jury instruction, and he argues on appeal that some of his IAC claims were not record-based and are appropriate for review at the PCR stage.

¶9     We agree.  However, we will affirm a district court that reaches the right result, even if for the wrong reason.  *State v. Marcial*, 2013 MT 242, ¶ 20, 371 Mont. 348, 308 P.3d 69.

¶10     Bagnell first contends that his counsel was ineffective in failing to timely interview two potential witnesses and obtain a recorded jail phone call.  Bagnell claims that such evidence would have demonstrated: (1) that L.L. had been threatening Bagnell and his family; (2) that during a third-party phone call with the witness, another inmate, L.L. had consented to receive calls from Bagnell; and (3) regarding various aspects of L.L.'s character.  To succeed on an IAC claim premised on a failure to investigate, Bagnell must show that the information would have been admissible and effective.  *Hamilton v. State*, 2010 MT 25, ¶ 16, 355 Mont. 133, 266 P.3d 588.  With regard to the first item, threats by the victim is not a defense to the felony stalking statute and would not have been admissible as they are irrelevant.[3]  *See* § 45-5-220(1), MCA (2015) (criminalizing "purposely or knowingly caus[ing] another person substantial emotional distress or reasonable

---

[2] Throughout the course of his criminal proceeding at the trial court level, Bagnell was represented by three different attorneys, two of whom requested to withdraw due to Bagnell's actions.  The District Court took judicial notice of three previous Lake County causes where Bagnell had made complaints against counsel similar to those he leveled against his counsel before the trial court in this case.

[3] Nevertheless, Bagnell's trial counsel did cross-examine L.L. on whether she had threatened to drown Bagnell's children, to which L.L. responded that she did not recall, but that she "[p]robably told [Bagnell] I was going to drown him too."

apprehension of bodily injury or death by repeatedly . . . harassing, threatening, or intimidating the stalked person," in person or by remote methods); M. R. Evid. 402 (irrelevant evidence inadmissible). With regard to the second, even if consent were to be admissible as relevant, trial counsel presented far more compelling material on the same matter: evidence that L.L. directly answered phone calls she knew to be from Bagnell and spoke with him. Thus, evidence that L.L. had consented to communication from Bagnell through a third party would have been merely duplicative of and far less compelling than the evidence that defense counsel did present. Counsel was not ineffective and Bagnell was not prejudiced by this failure in any event.

¶11 Third, Bagnell argues that witness testimony would have established that L.L. was addicted to methamphetamine and was routinely violent and dishonest. Methamphetamine use and violence are irrelevant to the charge of stalking under § 45-5-220(1), MCA (2015). While a witness's character for truthfulness may be attacked through opinion or reputation evidence admissible under M. R. Evid. 608, Bagnell failed to attach a sufficient affidavit, record, or evidence to his PCR petition specifically demonstrating that effective and admissible witness testimony was available to attack L.L.'s credibility. *See* § 46-21-104(1)(c), MCA (PCR petition must "have attached affidavits, records, or other evidence establishing the existence of those facts"); *Ellenburg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315, 87 P.3d 473 ("a petition for postconviction relief must be based on more than mere conclusory allegations"); Kelly v. State, 2013 MT 21, ¶ 10, 368 Mont. 309, 300 P.3d 120 (mere "self-serving statement" by defendant insufficient).

¶12 In any event, defense counsel succeeded in undermining L.L.'s credibility through much more compelling means. On cross-examination, defense counsel challenged L.L.'s assertion that she had not opened all but a couple of the offending letters received from Bagnell that she gave to authorities by asking her whether she was "aware that Officer Simpson told us that all of the letters were opened when he got them" More importantly, L.L. denied accepting more than one call from Bagnell while he was incarcerated and responded "Hell, no" when asked if she ever let Bagnell talk to her granddaughter over the phone. Defense counsel then played recordings of two phone calls initiated by Bagnell from a detention center that were knowingly answered and engaged in by L.L., at least one of which had L.L.'s granddaughter on the line. L.L., despite officially still being under subpoena, left the courtroom during the playing of these recordings and could not subsequently be located to be recalled to the witness stand. Defense counsel contended at length during closing argument that L.L. left and failed to return because "she was caught in a lie" made on the witness stand. Any generic reputation or opinion testimony regarding L.L.'s truthfulness would have done far less to undermine L.L.'s credibility than what defense counsel managed to elucidate at trial. Thus, trial counsel's failure to present evidence Bagnell alleges to exist undermining L.L.'s character for truthfulness was not prejudicial to Bagnell. *See Hamilton*, ¶ 16 (affirming denial of PCR petition because, although the defendant had provided defense counsel "with information that he subjectively believed would impeach the credibility of the victim and her mother, [the] petition fails to show that the information would have been admissible and effective").

¶13　Bagnell also argues that the attorney who represented him at sentencing failed to have two pieces of incorrect information removed from the presentence investigation (PSI).[4] First, he points to the section of his PSI quoting an excerpt from a Board of Pardons and Parole report indicating that Bagnell had absconded from probation on three occasions. Bagnell notes that the Department of Corrections subsequently corrected its records after concluding that during one of these time periods, Bagnell had not absconded, but, rather, was incarcerated in another state during that time. Second, Bagnell points to language describing his prior assault upon his ex-wife, contending that the PSI should have also included his claim that his ex-wife had attempted to stab him during the incident. Bagnell raised neither of these items in his PCR petition below, and we therefore decline to review them on appeal. *Sanders v. State*, 2004 MT 374, ¶ 14, 325 Mont. 59, 103 P.3d 1053 ("A postconviction claim that is not raised in an original or amended original petition cannot be raised for the first time on appeal.").

¶14　Notably, notwithstanding Bagnell's two remaining objections described above, defense counsel successfully advocated on behalf of a number of Bagnell's other concerns at the PSI stage, successfully moving for a second PSI and psychological report pursuant to Bagnell's request and then filing a notice of objections identifying Bagnell's continued concerns. The District Court accepted many of these objections, striking various items from the PSI. Bagnell has not shown that defense counsel's conduct during the sentencing

---

[4] Bagnell asserts that the erroneous information in the PSI affected the content of the subsequent psychological evaluation, which informed his decision to refuse to allow the psychological evaluation to be used at sentencing.

stage fell below an objective standard of reasonableness measured under prevailing professional norms. *See Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861.

¶15   Bagnell next raises two due process arguments.  First, Bagnell argues that the prosecuting County Attorney had a conflict of interest because he represented Bagnell in a prior criminal case while working with the Office of the Public Defender.  Bagnell presents no new evidence to support this allegation, which was made and addressed during trial court proceedings,[5] and could have been raised on direct appeal.  "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a [PCR] proceeding."  Section 46-21-105(2), MCA.  We therefore do not address the claim further.  *See Hardin v. State*, 2006 MT 272, ¶ 16, 334 Mont. 204, 146 P.3d 746 (*overruled in part on other grounds in Gardipee v. Salmonsen*, 2021 MT 115, ¶ 10, 404 Mont. 144, 486 P.3d 689); *State v. Hanson*, 1999 MT 226, ¶ 14, 296 Mont. 82, 988 P.2d 299.

¶16   Bagnell argues that the court denied him due process when it denied his new counsel's motion for a continuance of trial.  The only potentially new evidence Bagnell brings to light here is that trial counsel moved for a continuance after prior counsel, David Mattingley (Mattingley), withdrew following Mattingley's in camera disclosure to the

---

[5] The prosecutor responded that, while it was possible that he might have made an appearance at a bail hearing on behalf of Bagnell or been a managing attorney during a period of time in which Bagnell was being represented on another matter, he had no memory of Bagnell and therefore possessed no confidential information related to Bagnell.

court that the public defender's office had received a letter from Bagnell threatening Mattingley. Bagnell essentially argues that the District Court denied Bagnell's subsequent motion for a continuance as a sanction for Bagnell's alleged threat, despite the fact that Bagnell was never charged with, convicted of, or given due process with respect to, the threat allegation. Bagnell provides no evidence to support this assertion[6] and moreover, did not raise it in his PCR petition before the District Court. Bagnell could have argued that the district court abused its discretion in denying his motion for a continuance on direct appeal, and is therefore barred from doing so now. *See* § 46-21-105(2), MCA; *Hardin*, ¶ 16; *Hanson*, ¶ 14.

¶17 Bagnell's "Motion to Subpoena Jail Phone Record," "Motion to Appoint Counsel," and motion to "Compel Deposition of [Jail Phone Call Participant]"—included in his Opening Brief on appeal—are denied as irrelevant based on the rulings herein.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19 Affirmed.

/s/ MIKE McGRATH

We Concur:

---

[6] The concise court order denying Bagnell's motion makes no mention of an alleged threat by Bagnell, instead rejecting Bagnell's assertion that newly-discovered information required more time to prepare for trial and noting that "Mr. Bagnell has a pattern of causing delay and causing change of attorneys."

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON